IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John E. BORGERDING, attorney at law.

Supreme Court

*No. 80–1868–D. Filed December 29, 1980.*
(Also reported in 299 N.W.2d 582.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On October 13, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that between 1975 and the present, John E. Borgerding, an attorney admitted to practice in this state since 1960 and who practices in Beloit, failed to complete the probate of the estate of Edward Maser as a result of his neglect, that the respondent failed to appear in response to several citations from the Rock County court to show cause in the estate of Nellie Springer and was subsequently discharged as attorney in the estate, and that in the probate of the estate of Besse Pauline Lindblom the respondent failed to attend an order to show cause hearing and failed to furnish the attorney to whom the estate was subsequently transferred an itemized statement regarding the respondent's fees with respect to work done in the estate despite numerous directives from the court to do so.

The court referred the matter to the Hon. William C. Sachtjen as referee pursuant to SCR 21.09 (1980). On

December 19, 1980, the referee's findings of facts, conclusions and recommendation for discipline were filed with the court. Pursuant to a stipulation entered into by counsel for the Board and the respondent attorney, the referee concluded that Borgerding's failure to conclude the probate of the Maser estate and his conduct in the Springer and Lindblom estates constituted neglect of legal matters entrusted to him and violated SCR 20.32 (3). The referee recommended imposition of discipline consisting of a public reprimand and that Borgerding pay the costs of the disciplinary proceedings. The referee also recommended, as the parties had stipulated, that Borgerding be required to file within 30 days a list of the probate matters presently being handled by him together with a status report as to each such matter and to file semiannually, commencing June 30, 1981 and ending June 30, 1983, a status report on each of the probate matters he handles. The respondent by stipulation waived his right to appeal the referee's report pursuant to SCR 21.09 (5). We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that John E. Borgerding is publicly reprimanded for unprofessional conduct.

It is further ordered that John E. Borgerding file with the Board within 30 days of the date of this order a list of the probate matters presently being handled by him and a status report as to each such matter and that he file with the Board semi-annually, commencing June 30, 1981 and ending June 30, 1983, a status report on each probate matter he handles.

It is further ordered that John E. Borgerding pay the costs of this proceeding in the amount of $442.50 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order.

It is further ordered that if the respondent fails to timely comply with the provisions of this order, his license to practice law in Wisconsin shall be forthwith suspended.