In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John E. BORGERDING, Attorney at Law.

Supreme Court

*No. 83–1624–D. Filed February 28, 1984.*
(Also reported in 344 N.W.2d 175.)

*PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.*

Attorney John E. Borgerding, who was admitted to practice law in 1960 and who practices in Beloit, admitted the allegations of the Board of Attorneys Professional Responsibility that he neglected a legal matter entrusted to him, in violation of SCR 20.32, handled a legal matter without adequate preparation, in violation of SCR 20.32(2), and failed to promptly pay to his client upon request funds belonging to the client, in violation of SCR 20.50(2)(d). The charges of neglect and inadequate preparation arose out of Borgerding's representation of a client who retained him to pursue a fire loss claim. The client contacted Borgerding in early October, 1981, at which time there remained approximately two months of the one-year statute of limitations on the claim. Borgerding admitted being unaware of the one-year statute of limitations, and he never conducted any negotiations with the insurer. The client had previously been represented by other counsel, who obtained a

settlement offer from the insurer in the amount of $4,900 on the claim valued at $6,700. Borgerding was aware that the insurer refused to offer more on the ground that the repairs the client had made to the premises constituted an improvement of the property from the condition it was in at the time of the fire. The client subsequently hired another attorney, who succeeded in obtaining the $4,900 settlement previously agreed to by the insurer.

The failure to pay client funds to the client upon request resulted from Borgerding's representation of the same client in the sale of her residence, which Borgerding agreed to do for a fee not to exceed $100. Prior to closing that transaction, Borgerding received earnest money in the amount of $500, deducted therefrom his $100 fee and, when the client demanded return of the $400 balance, told the client that he intended to hold it for application to his representation of her on the fire loss claim. The client's subsequent counsel obtained a refund of the balance of the earnest money from Borgerding.

The referee made findings of fact and conclusions of law consistent with the allegations of the complaint, to which Borgerding had stipulated. On the question of discipline, the Board took the position that, because Borgerding had previously been publicly reprimanded by the court for neglect in the handling of probate matters, *Disciplinary Proceedings Against Borgerding,* 99 Wis. 2d 598 (1980), and because the neglect of the legal matter here occurred at a time during which he was required by order of the court to make status reports as to his handling of probate matters, Borgerding should have been especially alert to matters he was handling at the time. The Board characterized Borgerding's conduct as a continuing pattern of neglect, warranting a six-month suspension of his license. Citing several cases in which the

court considered attorney neglect of legal matters, the referee concluded that a six-month suspension of Borgerding's license would be excessive, and he recommended that his license be suspended for 60 days.

We adopt the referee's findings and conclusions, and we agree with his recommendation for discipline.

IT IS ORDERED that the license of John E. Borgerding to practice law in Wisconsin is suspended for a period of 60 days, commencing April 1, 1984.

IT IS FURTHER ORDERED that, within six months of the date of this order, John E. Borgerding pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,602.68, provided that if the costs are not paid within the time specified, the license of John E. Borgerding to practice law in Wisconsin shall be revoked forthwith.